UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-366-VMC-MRM

EDWARD M. FERRARO

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an order of forfeiture against the defendant in the amount of $566,342.94, representing the amount of proceeds he personally obtained as the result the theft of government funds offense charged in Count One of the Indictment.

The United States asks that the order of forfeiture become final as to the defendant at sentencing. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.  Statement of Facts**

    **A.  Allegations Against the Defendant**

1.  On or about October 25, 2022, an Indictment was returned charging the defendant with theft of government funds, in violation of 18 U.S.C. § 641. Doc. 1.

2.  The forfeiture allegations notified the defendant that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States intended to forfeit any

property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to, a $566,342.94 order of forfeiture in the amount of the proceeds the defendant obtained from the offense. *Id.* at 2.

### B. Findings of Guilt and Admissions of Fact

3. On June 14, 2023, without the benefit of a plea agreement, the defendant pleaded guilty to Count One of the Indictment before United States Magistrate Judge Mac R. McCoy who recommended that his plea be accepted. Docs. 47, 51. On June 15, 2023, United States District Judge Virginia M. Hernandez Covington, accepted his plea and adjudicated him guilty. Doc. 52. The Court scheduled the defendant's sentencing for September 5, 2023. *Id.*

4. The United States' Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 43), describes the conduct underlying the charge in the Indictment and provides support for the $566,342.94 order of forfeiture sought by the government.

## II. Applicable Law

### A. Forfeiture Statute

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offenses constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title). A violation of 18

U.S.C. § 641 is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1956(c)(7)(D). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offenses giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate the specific property constituting or derived from the proceeds involved in, or traceable to, the defendant's theft of government funds, the United States seeks an order of forfeiture against the defendant in the amount of $566,342.94, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). The defendant in fact, obtained $566,342.94 in proceeds as a result of his theft of government funds offense. If the Court finds that the defendant obtained at least $566,342.94 in proceeds and that the defendant has dissipated those

proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

## III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, enter an Order of Forfeiture against the defendant in the amount of $566,342.94.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

Respectfully Submitted,

ROGER B, HANDBERG
United States Attorney

By:     *s/James A. Muench*
            JAMES A. MUENCH
            Assistant United States Attorney
            Florida Bar Number 472867
            400 North Tampa Street, Suite 3200
            Tampa, Florida 33602
            (813) 274-6000 – telephone
            E-mail: james.muench2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                         *s/James A. Muench*
                                         JAMES A. MUENCH
                                         Assistant United States Attorney