UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-366-VMC-UAM

EDWARD M. FERRARO

**UNITED STATES' MOTION FOR FINAL
ORDER OF FORFEITURE FOR SUBSTITUTE ASSET**

The United States of America moves this Court for entry of a Final Order of Forfeiture for the following real property, which is owned by the defendant, to be applied to the outstanding balance of the defendant's $566,342.94 order of forfeiture:

> The real property located at 12816 Royal George Avenue, Odessa, Florida 33556, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> LOT 20, BLOCK C OF CANTERBURY VILLAGE, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 74, PAGE 2 OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.
>
> APN: 002680-1784.

In support thereof, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Statement of Facts**

1.    On July 21, 2023, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the Court entered a preliminary order of forfeiture for the real property identified above. Doc. 56.

2. In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture, and of the intent to dispose of the real property on the official government website, www.forfeiture.gov, beginning on July 27, 2023 and continuing through August 25, 2023. Doc. 67. The publication gave notice to all third parties with a legal interest in the real property to file with the Office of the Clerk—United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602—a petition to adjudicate their interests within 60 days of the first date of publication.

3. In accordance with 21 U.S.C. § 853(n), the United States properly noticed via U.S. first-class mail and Federal Express, the Hillsborough County Tax Collector (Tax Collector), and Rocket Mortgage, LLC., the only parties known to have a potential interest in the real property. The notice package included a Notice of Forfeiture, an Acknowledgment of Receipt of Notice of Forfeiture, the Preliminary Order of Forfeiture for Substitute Asset, and a self-addressed, stamped envelope.

4. On August 24, 2023, the Tax Collector filed a Verified Petition Asserting Interest in the real property. Doc. 62. The United States recognizes the interest of the Tax Collector and agrees that, from the proceeds of the sale of the real property (to the extent that there are sufficient proceeds after the payment of government expenses relating to seizure, maintenance, custody, and disposal of the property), the United States will pay any and all *ad valorem* real property taxes and

*non-ad valorem* assessments due and owing the Tax Collector up to the date of entry of the final order of forfeiture as a priority lien under Florida law. Doc. 65.

5. On August 25, 2023, Rocket Mortgage filed a Petition for Remission rather than a Verified Claim with the Court (Doc. 66). The United States has agreed to accept Petition for Remission as a Verified Claim for their interest in the real property and has entered into a Stipulated Settlement Agreement. The parties agree that from the proceeds of the sale of the property (to the extent that there are sufficient proceeds after the payment of government expenses relating to seizure, maintenance, custody, and disposal of the property, including any and all outstanding taxes and interest due and owing Tax Collector), the United States will pay Rocket Mortgage the unpaid principal, interest, additional escrow advances, and miscellaneous costs due under the mortgage.

6. To date, no other third party has filed a Petition to Adjudicate Interest in the real property, and the time for filing such Petitions has expired.

7. Consequently, the United States now seeks a final order of forfeiture for the real property.

## II. Applicable Law

When all third-party petitions have been adjudicated, or if no petitions are filed, it is appropriate to enter a final order of forfeiture in accordance with Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure. In addition, 21 U.S.C. § 853(n)(7) provides that following the disposition of all petitions, or if no petitions are timely filed in accordance with 21 U.S.C. § 853(n)(2), "the United States shall have

clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

As required by section 853(n), the United States published notice of the forfeitures, and of its intent to dispose of the real property on the official government website, www.forfeiture.gov. Doc. 67. Pursuant to Rule 32.2(b)(6)(C), publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure by any means described in Rule G(4)(a)(iv), which authorizes publication by internet.

The internet publication notified all who might have an interest in the real property of the United States' intent to dispose of such property and provided instructions on filing a petition to adjudicate an interest in the property. In accordance with the above-referenced provisions, a person or entity had 60 days from the first date of publication to file a petition with the District Court. Here, the first date of internet publication on www.forfeiture.gov was July 27, 2023. Thus, the final date for filing a petition to adjudicate an interest in the real property was on September 25, 2023, and the time for filing such petitions has expired. As discussed above, the Tax Collector and Rocket Mortgage (whose interests have been addressed), are the only parties know to have any interest in the real property.

### III. Conclusion

Publication having been effected, and all claims or petitions to adjudicate an interest having been addressed, it is now appropriate to enter a final order of forfeiture for the real property. The net proceeds from the forfeited real property,

after payment of any valid liens,[1] will be credited towards the satisfaction of the defendant's order of forfeiture. Any remaining net proceeds, after the payment of any valid liens and the satisfaction of the order of forfeiture, will be returned to the defendant.

WHEREFORE, the United States respectfully requests that, pursuant to 21 U.S.C. § 853(n)(7), Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, this Court enter a final order, forfeiting to the United States all right, title and interest in the real property, for disposition according to law, and vesting clear title to said property in the United States of America, subject to the subject to the terms of the Stipulated Settlement Agreement with Rocket Mortgage and any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the Tax Collector.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

---

[1] The United States anticipates that there will be restitution ordered by this Court at sentencing.

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

<u>*s/James A. Muench*</u>
JAMES A. MUENCH
Assistant United States Attorney